OPINION
On February 10, 1999, Mark Anthony Galloway was indicted on charges of aggravated robbery with a firearm specification; robbery with a firearm specification; aggravated burglary with a firearm specification; and having a weapon while under disability with specification.
Mr. Galloway waived his right to a jury trial as to the weapon under disability charge. As a result, the trial judge sat as the trier of fact as to that charge. A jury trial was conducted as to the aggravated robbery and robbery charges. The jury found Mr. Galloway guilty of both charges with specifications. The trial judge found him guilty of the weapon under disability charge with its specification.
Mr. Galloway has pursued a direct appeal, assigning two errors for our consideration:
Assignment of Error One
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON THE DEFENDANT-APPELLANT.
Assignment of Error Two
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
The state of Ohio has conceded error as to the first assignment of error, relying upon the recent case of State v.Edmonson (1999), 86 Ohio St.3d 324. Therefore, the first assignment of error is sustained.
The second assignment of error suggests that the convictions are not in accord with the evidence both from a manifest weight and from a sufficiency perspective. The court must analyze the evidence presented to see if it supports the verdicts reached.
Only three witnesses testified at trial, Nabeel Shalash, Marvin Ellis and Vergie Galloway. Vergie Galloway is the mother of Mark Anthony Galloway. She testified that, to the best of her knowledge, her son was at her home about four blocks from the robbery scene when the robbery occurred. She recalled the date because it was Christmas morning and all her children were present, along with seven to ten smaller children. She did not notice her son leaving her house or returning, although she acknowledged that she was not keeping track of him at any given minute.
The trier of fact were free to either accept or reject Ms. Galloway's testimony, finding either that she lied to try to protect her son or that she was simply mistaken about her impression that he was at her home the entire time.
Nabeel Shalash was the store owner who was robbed on Christmas morning 1998. Mr. Shalash was very clear in his identification of Mark Anthony Galloway as the man who robbed him.
The robber both threatened to shoot Mr. Shalash and pulled a gun half-way out of the robber's pocket when Mr. Shalash doubted that the robber really intended to shoot him after Mr. Shalash delayed in turning over the money demanded. Mr. Shalash was sure that the item displayed was a black gun.
The Supreme Court of Ohio has accepted evidence very similar to the evidence presented here as sufficient to establish the use of a firearm in a robbery. See State v. Murphy (1990),49 Ohio St.3d 206. The syllabus for the Murphy case reads:
 The state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a defendant can receive an enhanced penalty pursuant to R.C. 2929.71(A). However, such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crimes. (State v. Gaines [1989], 46 Ohio St.3d 65, 545 N.E.2d 68, modified.)
The fact that a robber threatens to shoot the victim and brandishes what appears to be a firearm was also found sufficient to establish the existence of a firearm in the recent case ofState v. Thompkins (1997), 78 Ohio St.3d 380. The first paragraph of the syllabus reads:
 A firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm. (State v. Murphy [1990], 49 Ohio St.3d 206, 551 N.E.2d 932, State v. Jenks [1991], 61 Ohio St.3d 259, 574 N.E.2d 492, and State v. Dixon
[1995], 71 Ohio St.3d 608, 646 N.E.2d 453, follows; R.C. 2923.11[B][1] and [2], construed and applied.)
No evidence indicated that the weapon brandished by Mr. Galloway brandished was not a firearm. The evidence presented is sufficient to establish the existence of a firearm under the applicable case law guidance from the Supreme Court of Ohio. Thus, we are compelled to find the convictions here are supported by sufficient evidence and are in accord with the manifest weight of the evidence.
The second assignment of error is overruled.
In review, the first assignment of error is sustained and the second assignment of error is overruled. The sentence of the trial court is vacated and the cause is remanded for further sentencing proceedings.
Judgment affirmed in part and reversed in part, sentence vacated, and cause remanded.
KENNEDY and PETREE, JJ., concur.